Daniel, J.
 

 There is no doubt that such an order is the subject of an appeal from the County to the Superior
 
 *208
 
 Court. It is true, that when a record is once amended, by an order of the same Court made at any subsequent term, it cannot afterwards ever be called in question. For the record then appears on its face as if it had always been perfect; and then it cannot be contradicted. But when an order is made, by the County Court, to amend the record of its proceedings at any antecedent term, such order may be appealed from, and the appeal instantly vacates the order ; and the record, sought to be amended, remains in
 
 statu quo,
 
 and without amendment. From the sentence, judgment, or decree of any County Court, the party dissatisfied may appeal.
 
 Rev. Slat.
 
 ch. 4, see. 1. We think the Judge ought not, therefore, to have dismissed the appeal, but should have decided the question of amendment. Although this Court cannot review the decision of the Superior Court, upon the question of amendment, either in refusing or allowing it, because it is a matter of discretion upon evidence, yet the Superior Court can review the decision of {he County Court, and, to that end, hear further evidence; and the appellant had a right to the Judge’s opinion as to the propriety of the order of the County Court, and, therefore, it was error to refuse to entertain the appeal.
 
 Dickinson
 
 v.
 
 Lippett, 5
 
 Ired. 500. Jf he had been in favor of the plaintiff, he should have affirmed the order and issued a writ of
 
 procedendo;
 
 if he had been against the order, he should have reversed it, and given the defendants judgment for costs.
 

 The judgment dismissing the appeal must be reversed, and the Superior Court of Lincoln will proceed in the cause.
 

 Per Curiam. Ordered accordingly.